# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CRST EXPEDITED, INC., Plaintiff, vs. TRANSAM TRUCKING, INC., Defendant. | No. C16-0052 ORDER DENYING MOTION TO CONDUCT JURISDICTIONAL DISCOVERY |

This matter comes before the Court on the Motion for Leave to Conduct Jurisdictional Discovery (docket number 14) filed by Plaintiff CRST Expedited, Inc. ("CRST") on July 11, 2016, the Resistance (docket number 19) filed by Defendant Transam Trucking, Inc. ("Transam") on July 28, and the Reply (docket number 20) filed by CRST on August 4. Also before the Court is the Unresisted Motion for Additional Extension of Time to File Resistance to Motion to Dismiss (docket number 22) filed by CRST on August 15, 2016. Pursuant to Local Rule 7.c, the motions will be decided without oral argument.

## I. BACKGROUND

On April 12, 2016, CRST filed a complaint alleging Transam is unlawfully poaching CRST's drivers. CRST seeks compensatory damages and injunctive relief. On July 6, Transam filed a motion to dismiss claiming a lack of personal jurisdiction and improper venue. On July 11, CRST filed the instant motion asking for 45 days to conduct limited discovery regarding jurisdictional issues, and an additional 21 days following completion of discovery to respond to Transam's motion to dismiss.[1] On August 15,

---

[1] On August 4, 2016, the Court granted Transam's consent motion to extend the deadline for
(continued...)

CRST filed a motion asking for 14 days after the Court's ruling on the motion for jurisdictional discovery to file a resistance to Transam's motion to dismiss.

According to its complaint, CRST is a long-haul, expedited freight hauling service with its principal place of business in Cedar Rapids, Iowa. CRST asserts it has invested "substantial time, expense, and manpower" in establishing a driver training program. CRST also expends substantial time, expense, and manpower in advertising and recruiting individuals for its driver training program. In consideration for cost-free participation in the program, each driver/trainee agrees to employment with CRST pursuant to a Driver Employee Contract. The driver agrees to a 10-month employment term with CRST.

According to the complaint, Transam is a long-haul trucking company based in Olathe, Kansas. Transam does not operate its own driver training program, but instead "relies on the recruitment of already licensed drivers from other carriers to satisfy its personnel needs." CRST asserts that "Transam actively recruits drivers throughout the Midwest, including the state of Iowa." Specifically, it is alleged that Transam actively recruited CRST drivers who were still within the "restrictive term" found in CRST's employment contract. According to CRST, a preliminary investigation revealed that CRST had received approximately 70 employment verification requests from Transam for drivers who were within the 10-month restrictive term of their individual contracts. The complaint alleges that 40 of those drivers remained employed by and/or affiliated with Transam when the complaint was filed.

On July 6, Transam filed a motion to dismiss, arguing that it does not have contacts with the state of Iowa to support the exercise of jurisdiction over it in this district.

---

[1](...continued)
submitting a proposed scheduling order and discovery plan to 14 days after the Court rules on Transam's motion to dismiss.

Transam also asserts that venue is improper because "the material events underlying Plaintiff's claims arose in the state of Kansas."

In support of its motion to dismiss, Transam submitted an affidavit of Dean Cochran, Transam's Director of Driver Recruiting. Cochran confirms that Transam is an interstate motor carrier with its principal place of business in Olathe, Kansas. According to Cochran, Transam picks up and delivers refrigerated and frozen goods from the eastern seaboard to the Rocky Mountains. Some of its drivers are employed by Transam, while other drivers contract with Transam as owner-operators. Approximately 30% are company drivers. Cochran avers that Transam is not registered to do business in the state of Iowa, has no employees in Iowa, and has no facilities in Iowa. According to Cochran, "Transam's only contact with Iowa is moving freight by truck in and out and through the state."

To recruit drivers, Transam advertises in magazines, on the radio, on the internet and mobile phones, and on job board websites. Transam also maintains its own website, Facebook page, and Twitter account. Cochran asserts that Transam recruits in all states east of the Rocky Mountains, and does not direct its recruiting at any one state. Transam also visits driving schools east of the Rockies and provides information regarding Transam, along with a driver application. Cochran denies that Transam has ever visited CRST's driving school in Cedar Rapids. Cochran also denies any effort by Transam to recruit CRST employees.

> No Transam representative has ever knowingly or intentionally spoken to any driving school student who is under contract with CRST. Commercial truck driving schools do not permit recruiters from any company, including Transam, to speak to students who are already under contract with another company. Transam is only allowed to present to and speak with students who are unaffiliated with any trucking company.

Affidavit of Dean Cochran (docket number 10-2, ¶ 15 at 4). According to Cochran, other than visiting driving schools, "the entire process of recruiting and hiring drivers for Transam is performed in Olathe, Kansas."

## II. DISCUSSION

CRST asks that it be permitted to conduct limited discovery on jurisdictional issues. Jurisdictional discovery is permitted in appropriate cases. *Pudlowski v. The St. Louis Rams, LLC*, ___F.3d___, 2016 WL 3902660 (8th Cir. 2016) (dec. July 19, 2016) ("where issues arise as to jurisdiction or venue, discovery is available to ascertain the facts bearing on such issues") (quoting *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978)). Whether to grant jurisdictional discovery rests within the Court's sound discretion. *Lakin v. Prudential Securities, Inc.*, 348 F.3d 704, 713 (8th Cir. 2003). A party seeking to take discovery prior to responding to a motion to dismiss must show "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(d). *Johnson v. United States*, 534 F.3d 958, 965 (8th Cir. 2008) ("Courts look to decisions under RULE 56 for guidance in determining whether to allow discovery on jurisdictional facts.").

In *Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 598 (8th Cir. 2011), a Missouri-based corporation filed suit against a German corporation alleging claims in contract and tort. The district court denied Viasystems' motion for jurisdictional discovery, and granted the defendant's motion to dismiss. The Eighth Circuit Court of Appeals affirmed. Viasystems argued that discovery "would likely show" the defendant's contacts with Missouri, but the Court concluded the assertions were "entirely speculative." "When a plaintiff offers only speculation or conclusory assertions about contacts with a forum state, the court is within its discretion in denying jurisdictional discovery." *Id.* at 598 (quoting *Dever v. Hentzen Coatings, Inc.*, 380 F.3d 10170, 1074 n.1 (8th Cir. 2004)). Similarly, in *Greenbelt Resources Corp. v. Redwood Consultants,*

4

*LLC*, 627 F. Sup. 2d 1018, 1028 (D. Minn. 2008), the Court concluded that the plaintiff's request for jurisdictional discovery was not appropriate because it "is not specifically targeted to flush out connections already known to exist, but instead is more akin to a fishing expedition in which a plaintiff intends to cast a wide net for potential contacts with a forum state."

I believe the same is true here. CRST's claim that "a substantial part of the events or omissions giving rise to the claim occurred in Cedar Rapids, Linn County, Iowa" is entirely conclusory. CRST makes no effort to rebut Cochran's affidavit that Transam's only contact with Iowa "is moving freight by truck in and out and through the state." According to Cochran, Transam's recruiting and hiring efforts are performed in Kansas, and are not directed at any one state, including Iowa. When a defendant offers an affidavit denying contacts necessary to establish personal jurisdiction, "and the plaintiff fails to rebut those affidavits and offers only speculative and conclusory assertions about any other contacts by the defendant within the forum state, denial of jurisdictional discovery is not an abuse of discretion." *Foreign Candy Co., Inc. v. Tropical Paradise, Inc.*, 950 F. Supp. 2nd 1017, 1036 (N.D. Iowa 2013).

The Eighth Circuit held in *Lakin* that the district court abused its discretion in denying the plaintiffs' motion to conduct jurisdictional discovery. In that case, however, it was undisputed that the defendant "maintained home-equity loans and lines of credit to Missouri residents totaling around $10 million, or one percent of its loan portfolio." 348 F.3d at 706. The Court concluded that the plaintiffs were entitled to jurisdictional discovery to determine the defendant's contacts with Missouri consumers. *See also Steinbuch v. Cutler*, 518 F.3d 580, 588 (8th Cir. 2008) (permitting jurisdictional discovery). Here, CRST makes no similar allegations regarding Transam's connection with the state of Iowa, instead argues summarily that "a substantial part of the events or omissions giving rise to the claim occurred in Cedar Rapids, Linn County, Iowa."

Because CRST's allegations regarding Transam's recruiting efforts in Iowa are entirely conclusory, I find that jurisdictional discovery is not permitted. As the Court in *Greenbelt Resources* recognized, jurisdictional discovery is not intended to be "a fishing expedition in which a plaintiff intends to cast a wide net for potential contacts with a forum state." *Greenbelt Resources*, 627 F. Supp. 2d at 1028. "The discovery process established by the Federal Rules is not intended to establish jurisdiction." *Shine Bros. Corp. v. American Intern. Group, Inc.*, 108 F. Supp. 3d 651, 679 (N.D. Iowa 2015) (quoting *Osborn & Barr Communications, Inc. v. EMC Corp., Inc.*, 2008 WL 341664, *2 (E.D. Mo.). Accordingly, CRST's motion for jurisdictional discovery will be denied. CRST"'s resistance to Transam's motion to dismiss will be due not later than August 31, 2016.

## ORDER

**IT IS THEREFORE ORDERED** as follows:

1. CRST's Motion for Leave to Conduct Jurisdictional Discovery (docket number 14) is **DENIED**.

2. CRST's Motion for Additional Time to File a Resistance (docket number 22) is **GRANTED**. The deadline for CRST to file a resistance to Transam's motion to dismiss is **EXTENDED** to **August 31, 2016**.

DATED this 17th day of August, 2016.

JON STUART SCOLES
CHIEF MAGISTRATE JUDGE
NORTHERN DISTRICT OF IOWA