# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CRST EXPEDITED, INC., | |
| Plaintiff, | No. 16-CV-0052-LTS |
| vs. | **ORDER ON MOTION TO STRIKE CRST'S SECOND RULE 26(a) FILING** |
| TRANSAM TRUCKING, INC., | |
| Defendant. | |

This matter is before the court on the motion to strike CRST's second rule 26(a) filing as out of time (Doc. 106), filed by Defendant TransAm Trucking, Inc. (TransAm). TransAm argues the supplemental disclosure constitutes an untimely amendment of the complaint and should therefore be stricken. Plaintiff CRST Expedited, Inc. (CRST) filed a resistance to the motion (Doc. 126), arguing that the supplemental disclosure was timely and that even if not, late disclosure was substantially justified and harmless.

The Rules of Civil Procedure require parties to disclose certain information, including information about "each individual likely to have discoverable information." Fed. R. Civ. P. 26(a)(1)(A)(i). On March 6, 2017, the court in this case ordered the parties make these initial disclosures by March 23, 2017. Doc. 34; *see also* Fed. R. Civ. P. 26(a)(1)(C). CRST made its initial disclosures pursuant to Rule 26(a)(1) on March 23, 2017. Doc. 126-2. This disclosure included a list of 293 CRST drivers recruited by TransAm between August 2015 and March 2017. *Id.* A party must also "supplement or correct" any initial disclosure "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or

corrective information has not otherwise been made known to the other parties during the discovery process or in writing." Fed. R. Civ. P. 26(e)(1)(A). In this case, CRST supplemented its Rule 26(a)(1)(A)(i) disclosure on April 12, 2017 (Doc. 106-3) and again on October 11, 2017 (Doc. 106-4). TransAm now seeks to strike the second supplementation made on October 11, 2017, which contains a list of 19 additional CRST drivers recruited to work for TransAm since March 2017 (Doc. 126 at 2). CRST previously disclosed two of the names included in the second supplementation (as drivers recruited but not hired by TransAm). Doc. 106-4.

"A supplemental disclosure under Rule 26(e)(1)(A) is timely if it is made as soon as possible." *Bruhn Farms Joint Venture v. Firearm's Fund Ins. Co.*, No. 13-CV-4106-CJW, 2017 WL 632105, at *4-5 (N.D. Iowa Feb. 13, 2017) (quoting *Hypertherm, Inc. v. Am. Torch Tip Co.*, No. 05-cv-373-JD, 2009 WL 703271, at *1 (D.N.H. Mar. 16, 2009)) (finding a violation of Rule 26(e) when party disclosed "entirely new categories of damages" at the close of discovery and two months before trial because the information should have been apparent to the party from the beginning of the case); *see also Hypertherm, Inc.*, 2009 WL 703271, at *1-2 (noting party's unexplained failure to supplement discovery disclosures until the deadline for final pretrial filings as basis for exclusion of the evidence at trial); *Malozienc v. Pac. Rail Servs.*, 572 F. Supp. 2d 939, 943 (N.D. Ill. 2008) (finding supplement of initial disclosure timely when made immediately after the party became aware of the information); *Walls v. Paulson*, 250 F.R.D. 48, 53 (D.C. Cir. 2008) (finding violation of Rule 26(e) when party delayed supplementation of discovery responses, without explanation, for a period years).

> Supplementations need not be made as each new item of information is learned but should be made at appropriate intervals during the discovery period, and with special promptness as the trial date approaches. . . . The obligation to supplement disclosures and discovery responses applies whenever a party learns that its prior disclosures or responses are in some

> material respect incomplete or incorrect. There is, however, no obligation to provide supplemental or corrective information that has been otherwise made known to the parties in writing or during the discovery process . . . .

Fed. R. Civ. P. 26(e) advisory committee's note to 1993 amendment. If a party fails to supplement its Rule 26(a) disclosures, the court may prohibit the party from using the information in relation to any motion, hearing, or at trial, if the court determines the failure was not substantially justified and was not harmless. Fed. R. Civ. P. 37(c)(1).

TransAm argues that CRST's supplemental disclosure amounts to an improper amendment of the complaint. Doc. 106-1 at 2. Rule 26 requires the disclosure of individuals who may have discoverable information, which will encompass a broad list of individuals. CRST was obligated to update its disclosures and would have been in violation of the discovery rules had it failed to do so. The disclosure provided on October 11 (Doc. 106-4) clearly supplements CRST's Rule 26(a) disclosures. CRST was required to make this supplemental disclosure under the rules, and I find CRST did so through its second supplemental disclosure (Doc. 106-4).

The key issue is whether the supplemental disclosure was timely. I find that it was. I credit CRST's argument that it could not have been aware of these additional drivers at the time of its initial disclosure in March 2017 because they had not yet been recruited by TransAm. It is not completely clear from this record *when* after March 2017 CRST learned these additional 19 drivers had been recruited by TransAm. It seems TransAm would have known the identities of these drivers earlier or around the same time as CRST because TransAm hired these drivers. Therefore, the supplemental disclosure could not have been overly surprising to TransAm. Although perhaps CRST could have disclosed the names of these drivers earlier than October 11, 2017, the disclosure was made three months in advance of the discovery deadline of January 12, 2018 (Doc. 34). There also appears to be no dispute that CRST produced significant

discovery materials regarding these drivers on November 22, 2017. *See* Doc. 126 at 2. Because I find CRST acted timely, I need not address whether timing of the supplemental disclosures was substantial justified or harmless. *See Malozienc*, 572 F. Supp. 2d at 943-44.

For the reasons stated above, I FIND that CRST timely supplemented its initial disclosures and that TransAm's motion to strike Rule 26(a) filing as out of time (Doc. 106) should be **denied**.

**IT IS SO ORDERED** this 16th day of January, 2018.

Kelly K.E. Mahoney
United States Magistrate Judge
Northern District of Iowa