IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
AT CEDAR RAPIDS DIVISION

| | |
|---|---|
| CRST EXPEDITED, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRANSAM TRUCKING, INC. <br><br> Defendant. | No. 1:16-CV-00052-LTS <br><br> **DEFENDANT'S MOTION TO CERTIFY QUESTIONS PURSUANT TO IOWA CODE SECTION 684A.1 AND 684A.2** |

Defendant TransAm Trucking, Inc. ("TransAm"), by and through undersigned counsel, respectfully submits this Motion to Certify Questions Pursuant to Iowa Code Section 684A.1. In support of its Motion, TransAm states as follows:

1. In 2016, Plaintiff CRST Expedited, Inc. ("CRST") sued TransAm for intentional interference with contract and unjust enrichment regarding 167 former CRST drivers TransAm hired allegedly in violation of a non-compete agreement prohibiting the drivers from working for a CRST competitor (the "Restrictive Covenant").

2. The Court has already determined that both Iowa and Kansas law require CRST to prove it had a valid and enforceable contract with its former drivers in order to prevail on its tortious interference with contract claim against TransAm. (*See* Doc. 79 at 14.)

3. On July 31, 2018, the Court issued a summary judgment ruling in favor of TransAm and dismissing CRST's tortious interference with contract and unjust enrichment claims because there was no evidence TransAm induced any of CRST's former drivers to breach their contracts with CRST. (*See* Doc. 193 at 25-34.)

4. On May 27, 2020, the Eighth Circuit Court of Appeals issued a 2-1 split panel decision reversing the Court's entry of summary judgment in favor of TransAm. (*See* Doc. 213.)

5. In both its summary judgment motion and arguments on appeal, TransAm asserted that there could be no tortious interference because recoupment of training costs alone is not a legitimate protectable business interest under Iowa law, rendering the Restrictive Covenant void and as an illegal restraint of trade and against public policy. (*See* Doc. 152-2 at 11-15; Ex. A at 29-33.)

6. Despite analyzing whether the Restrictive Covenants create a "lifetime ban" that renders the contracts void from their inception, the Court did not specifically address or analyze TransAm's lack of protectable interest argument in its 2018 summary judgment ruling. (*See* Doc. 193 at 19.)

7. Likewise, the Eighth Circuit affirmed the Court's prior holding that CRST's Restrictive Covenant with drivers are not void after considering only the reasonableness of the time and area restrictions of the covenant. (*See* Doc.213 at 10-13.)

8. Based on these rulings, and in accordance with Iowa Code Section 684A.1 and 684A.2, TransAm requests the Court certify the following questions to the Iowa Supreme Court:

   a. **As a matter of Iowa law, is a restrictive covenant or non-compete agreement void if it does not protect any legitimate business interest?**

   b. **As a matter of Iowa law, may a restrictive covenant or non-compete agreement that is unsupported by a legitimate protectable business interest, which renders it void, support a tortious interference with contract claim?**

9. The foregoing questions present novel issues of law in Iowa and go directly to some of TransAm's defenses in this case and its anticipated jury instructions.

10. Guidance from the Iowa Supreme Court would satisfy the tests for certification outlined in *Hagen v. Siouxland Obstetrics and Gynecology, P.C.*, 964 F.Supp. 2d 951 (N.D. Iowa 2013), and resolution of the novel questions at this time will reduce the likelihood of an appeal

post-trial and the possibility of seeking the same certification while an appeal is pending at the Eighth Circuit Court of Appeals.

WHEREFORE, for the foregoing reasons and those set forth in TransAm's Brief in Support, TransAm respectfully requests the Court issue an order requesting certification of the foregoing questions to the Iowa Supreme Court, and, if necessary, continuing the trial in this matter until the Iowa Supreme Court either answers the questions or refuses certification, and for such other further relief as the Court deems appropriate.

DATED: October 15, 2020

Respectfully submitted,

SEIGFREID BINGHAM, P.C.

/s/ *Brenda G. Hamilton*
Brenda G. Hamilton, Esq. AT0003118
Christopher C. Tillery, Esq.
2323 Grand Boulevard, Suite 1000
Kansas City, Missouri 64108
Telephone: (816) 421-4460
bhamilton@sb-kc.com
ctillery@sb-kc.com

*Attorneys for Defendant TransAm Trucking, Inc.*

# CERTIFICATE OF SERVICE

On October 15, 2020, the foregoing was filed with the Clerk of the Court using the Court's CM/ECF system, which will send electronic notice to:

Kevin J. Visser at kvisser@simmonsperrine.com
Paul D. Gamez at pgamez@simmonsperrine.com

By: */s/ Brenda G. Hamilton*